ELIAS HALL *v.* PETER McLAUREN.

Persons holding a slave under a precarious title in Alabama can not obtain a remedy in our
    Courts.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
    *Durant & Hornor* for defendants.   *T. J. & A. G. Semmes* for plain-
tiff and appellant.

LABAUVE, J.   The plaintiff, a resident of the State of Alabama, states
that he is the true and lawful owner of a negro woman slave, named
Adeline, aged about fifteen years, and worth $1,200.   That he has been
in lawful possession of said slave for the past ten years or more, in the
States of Alabama and Georgia.   That in the month of April, he placed
said slave in the possession of his agent, Walton Morton, in the city of
New Orleans, and that on the 3d day of July, 1859, one Peter McLauren,
a resident of the State of Georgia, then in the city of New Orleans, went
to the dwelling house of his said agent and forcibly seized and carried
away said slave.

He prays that said Peter McLauren be cited to appear and answer, and
that after due proceedings, petitioner be decreed to be the owner of said
slave.

The defendant pleaded a general denial, and that the said slave was his
property and was purchased by him from Morris & Woods, in the year
1849, together with several others, etc.   He prays to be dismissed, with
costs.

The court below, after hearing the testimony, evidence and arguments
of counsel, thought that the plaintiff had failed to make out his case, and
gave judgment for the defendant.

The plaintiff has introduced a mass of testimony to establish his title
to the slave, by a peaceable possession of six years under the laws of the
State of Alabama; but we are of the opinion that he has failed to make
out his case.   It is in evidence that, under the laws of the State of Ala-
bama, ownership in a slave may be acquired by a peaceable possession of
six years without notice of adverse claim.   The testimony shows that the
plaintiff's possession was precarious and held under and for the defend
ant; in the neighborhood, it was acknowledged that the defendant was
the owner of the slave.

It is therefore adjudged and decreed that the judgment appealed from
be affirmed, with costs.

JONES, J., absent.